IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR RAY SEYMORE, | ) | |
| Plaintiff(s), | ) | No. C 06-1720 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| CITY OF UNION CITY, et al., | ) | |
| Defendant(s). | ) | (Doc # 2) |
| ARTHUR RAY SEYMORE, | ) | |
| Plaintiff(s), | ) | No. C 06-1721 CRB (PR) |
| vs. | ) | ORDER OF DISMISSAL |
| CITY OF HAYWARD, et al., | ) | |
| Defendant(s). | ) | (Doc # 2) |

     Plaintiff, while incarcerated at Avenal State Prison, filed two pro se civil rights complaints under 42 U.S.C. § 1983 alleging that he was "severely beaten" by several police officers upon being apprehended on April 8, 2005.  Plaintiff also alleges that he believes the officers' actions violated his constitutional rights, but gives no further details.

     The two complaints are identical except that the first, filed as civil case number C 06-1720 CRB (PR), is against the City of Union City and various Union City police officers, and the second, filed as civil case number C 06-1721 CRB (PR), is against the City of Hayward and various Hayward police officers.

1   Plaintiff seeks damages and leave to proceed in forma pauperis under 28
2   U.S.C. §1915, which, good cause appearing, is GRANTED in both cases (doc # 2
3   in 06-1720 and doc # 2 in 06-1721).

## DISCUSSION

### A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### B.  Legal Claims

Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). This analysis applies to any arrest situation where force is used, whether it involves physical restraint, use of a baton, use of a gun, or use of a dog. See, e.g., Mendoza v. Block, 27 F.3d 1357, 1362-63 (9th Cir. 1994) (deputies' use of police dog to find suspect and secure him until handcuffed analyzed under reasonableness

1  standard). Plaintiff's conclusory allegations of use of excessive force will not do,
2  however.
3        In order to proceed with a claim for damages for use of excessive force
4  during arrest, plaintiff must specifically allege how each named defendant
5  actually and proximately caused the deprivation of his Fourth Amendment rights.
6  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff must "set forth
7  specific facts as to each individual defendant's" deprivation of plaintiff's federally
8  protected rights. Id.
9        Plaintiff is advised that the cities of Union City and Hayward may not be
10 held vicariously liable for the unconstitutional acts of its employees under the
11 theory of respondeat superior. See Board of County Comm'rs v. Brown, 520 U.S.
12 397, 403 (1997). To impose municipal liability under § 1983 for a violation of
13 constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a
14 constitutional right of which he or she was deprived; (2) that the municipality had
15 a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's
16 constitutional rights; and (4) that the policy is the moving force behind the
17 constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill,
18 130 F.3d 432, 438 (9th Cir. 1997).
19 **CONCLUSION**
20       For the foregoing reasons, the complaints in both civil cases C 06-1720
21 CRB (PR) and C 06-1721 CRB (PR) are DISMISSED under the authority of 28
22 U.S.C. § 1915A(b). Plaintiff may file an amended complaint against all
23 defendants (both Union City and Hayward defendants), as indicated above,
24 within 30 days of this order. The pleading must be simple and concise and must
25 include civil case number C 06-1720 CRB (PR) and the words FIRST
26 AMENDED COMPLAINT on the first page. Civil case number C 06-1721 CRB
27
28

1  (PR) is dismissed without leave to amend; all future proceedings must be under
2  civil case number C 06-1720 CRB (PR) only.
3       Plaintiff is advised that failure to file a proper amended complaint in civil
4  case C 06-1720 CRB (PR) within the designated time will result in the dismissal
5  of his action.  He is further advised that the amended complaint will supersede
6  the original complaint and all other pleadings.  Claims and defendants not
7  included in the amended complaint will not be considered by the court.  See King
8  v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).
9       The clerk is instructed to terminate civil case number C 06-1721 CRB
10 (PR) as duplicative and to close the file.  All further proceedings shall be under
11 civil case number C 06-1720 CRB (PR) only.
12 SO ORDERED.
13 DATED:  July 25, 2006
                                           CHARLES R. BREYER
14                                         United States District Judge

4